742 So.2d 320 (1999)
J.W., A Child, Petitioner,
v.
DEPARTMENT OF JUVENILE JUSTICE, Respondent.
No. 99-1846.
District Court of Appeal of Florida, First District.
June 21, 1999.
*321 Joseph E. Broadus, Tallahassee, for petitioner.
Robert A. Butterworth, Attorney General, and Daniel A. David, Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
J.W., a juvenile, petitions this court for a writ of habeas corpus, contending that his placement in secure detention is illegal. For the reasons set forth below, we deny the petition.
J.W. was charged in two separate delinquency petitions with sexual battery on a child under 12 years of age by a defendant less than 18 years of age. If charged as an adult, these offenses would be life felonies. § 794.011(2)(b), Fla. Stat. (1997). He was originally ordered to be detained in the home of his grandparents with electronic monitoring. Further, an injunction against repeat violence was issued which prohibited J.W. from being present in the neighborhood where the alleged offenses occurred.
After an evidentiary hearing, the trial court concluded that J.W. was incompetent to proceed in the delinquency cases because of his lack of cognitive maturity. In accordance with Florida Rule of Juvenile Procedure 8.095(a)(2), the proceedings were stayed. On April 19, 1999, the trial court entered an order which found that J.W. can be treated only in an environment with adequate adult supervision and accountability. Without such restrictions, he presents a grave risk of physical and emotional harm to other smaller and younger children. He scored for secure detention pending an adjudicatory hearing and all the evidence made the serious risk absolutely clear. The home detention with the grandparents was continued as previously ordered as a "special detention order to ensure public safety, especially of younger, smaller children while [J.W.] awaits adjudicatory hearing." It was noted that nothing in Chapter 985, Florida Statutes or the Rules of Juvenile Procedure prohibits an incompetent child not subject to commitment from remaining on detention status when he continues to score for such and the adjudicatory hearing has been properly continued for good cause. The Department of Juvenile Justice was ordered to provide case management services and the Department of Children and Families was ordered to provide treatment and training in the least restrictive setting consistent with public safety. Neither J.W. nor the affected agencies sought review of that order.
Subsequently, evidence came before the court that J.W. had been present in the area where the alleged offenses occurred, thus violating the injunction. Another order was entered which found that J.W. was charged with a new law violation and therefore it was concluded that the safety plan put in place by the April 19 order had failed. Secure detention was deemed to be proper and necessary and the only available alternative which would offer adequate protection of the public's safety. *322 Such detention was therefore ordered pending further review of J.W.'s competency to proceed in the sexual battery cases.
Petitioner argues that his secure detention is improper but we disagree. Although, as the April 19 order noted, the applicable statutes offer little guidance for the courts in dealing with a juvenile in J.W.'s circumstance, the court shaped a remedy consistent with section 985.223, Florida Statutes (Supp.1998) and Juvenile Rule 8.095, which meets the needs of J.W., and which ensures the safety of the public. Petitioner is charged with extremely serious offenses and his conduct after entry of the April 19 order served as an adequate basis for the court to conclude that no less restrictive alternative to secure detention would protect the safety of the public, especially small children. We find that the circuit court acted reasonably when, in light of the April 19 order and the evidence that J.W. had breached the conditions of the court's injunction, it ordered he be held in secure detention.
Accordingly, the petition for writ of habeas corpus is denied.
JOANOS, KAHN and DAVIS, JJ., concur.