Corrected Opinion

PER CURIAM.
We thank defense counsel for his notice of factual errors, grant the trial court’s request for a corrected opinion, withdraw the previous opinion and substitute this corrected opinion.
M.A. petitions for a writ of habeas corpus regarding his adjudication for indirect contempt of court. He asks us to quash an order of home detention requiring him to wear an electronic monitor. We grant the petition.
He was on probation when he was found guilty of loitering and prowling with disposition set to follow. Before the disposition hearing, his counsel moved for a competency hearing after a psychiatric evaluation had been performed on him. At the disposition hearing, the court granted the motion for a competency evaluation. An arraignment hearing on the VOP was set for a few days later. At that arraignment, the court recognized that a pending competency evaluation requires that proceedings be stayed under section 985.19, but found that it was authorized to enforce conditions of release. The trial court also proceeded to arraign him on the VOP charges over his objection. On the following day the court adjudicated him in indirect contempt of court for failing to abide by his probation rules. The court sentenced him to five days detention, permitting his temporary release upon obtaining an appointment with a neurologist and to return after the appointment to fulfill the remainder of the five days detention. Upon release, he was placed on home detention and required to wear an electronic monitoring ankle bracelet.
The court erred in proceeding with the VOP arraignment after it had previously granted the motion for a competency evaluation. M.A.’s counsel, his probation officer, and the court all noted that there was reason to believe that he may be incompetent. When the court has reason to believe that the child in a delinquency case may be incompetent to proceed, “the court ... must stay all proceedings and order an evaluation of the child’s mental condition.” [e.s.] § 985.19(1), Fla. Stat. (2007). Rule 8.095(a)(2) adds that:
If at any time prior to or during the adjudicatory hearing or hearing on a violation of juvenile probation the court has reasonable grounds to believe the child named in the petition may be incompetent to proceed with an adjudicatory hearing, the court on its own motion or motion of counsel for the child or the state shall immediately stay the proceedings and fix a time for a hearing for the determination of the child’s mental condition, [e.s.]
Rule 8.095(a)(2), Fla. R. Juv. P. (2007).
We agree that in spite of a pending competency evaluation a child may nevertheless be placed in secure detention before disposition of the new VOP charge when it appears that the child may be violating pre-existing conditions of release. See, e.g., J.W. v. Dept. of Juvenile Justice, 742 So.2d 320, 321 (Fla. 1st DCA 1999) (child has committed serious felonies and is extreme risk to others). Here the court stated no written reasons; nor does the record show any particular type of serious danger to others. In fact, the Probation Officer recommended probation for the disposition on the VOP charge, not detention, and the State Attorney joined in the recommendation. We also note that if the *833 trial court determines that a competency evaluation should be done immediately because the child is a danger to himself or others, the trial court could consider proceeding under the Baker Act.
The lower court erred in failing to follow section 985.19 and rule 8.095 by staying proceedings on the VOP charge pending a competency evaluation.
SHAHOOD, C.J., WARNER and FARMER, JJ., concur.