DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**A.T.,** a Child,
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D22-1097

[June 22, 2022]

Petition for writ of habeas corpus to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Carolyn Bell, Judge; L.T. Case No. 502021CJ001540XXXXMB.

Carey Haughwout, Public Defender, and Narine N. Austin, Assistant Public Defender, West Palm Beach, for petitioner.

Ashley Moody, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for respondent.

PER CURIAM.

A juvenile petitions for habeas corpus challenging his continued home detention beyond twenty-one days after having been found incompetent to proceed. He claims that the trial court has no authority to extend his detention until his competency is restored. The trial court relied on section 985.26(4)(a), Florida Statutes (2021), to extend his detention, finding him to be a danger to the community were he to be released.

We agree that the statute provides authority for this juvenile's further detention. The statute provides:

> The time limits in subsections (2) and (3) [regarding length of detention] do not include periods of delay resulting from a continuance granted by the court for cause on motion of the child or his or her counsel or of the state. Upon the issuance of an order granting a continuance for cause on a motion by either the child, the child's counsel, or the state, the court shall conduct a hearing at the end of each 72-hour period,

excluding Saturdays, Sundays, and legal holidays, to determine the need for continued detention of the child and the need for further continuance of proceedings for the child or the state.

§ 985.26(4)(a), Fla. Stat. (2021). When the proceeding was stayed as a result of the juvenile's incompetency, the proceeding was effectively continued, allowing the trial court to extend detention for cause.

In *J.W. v. Department of Juvenile Justice*, 742 So. 2d 320 (Fla. 1st DCA 1999), the First District recognized that, in extraordinary circumstances posing a threat to public safety, a court may continue a juvenile's detention pending competency restoration, even if the juvenile does not qualify for commitment. *Id.* at 321 ("[N]othing in Chapter 985, Florida Statutes or the Rules of Juvenile Procedure prohibits an incompetent child not subject to commitment from remaining on detention status when he continues to score for such and the adjudicatory hearing has been properly continued for good cause."). We cited *J.W.* with approval in *M.A. v. State*, 964 So. 2d 831 (Fla. 4th DCA 2007). *Id.* at 832 ("We agree that in spite of a pending competency evaluation a child may nevertheless be placed in secure detention before disposition of the new VOP charge when it appears that the child may be violating pre-existing conditions of release.").

This juvenile was charged with several felonies, including the discharge of a firearm. He was later arrested again while on home detention. The trial court considered that he was a danger to the community, and this provided good cause for extending his detention while proceedings were delayed due to his incompetency. The trial court did not act without authority. We deny the petition.

*Petition denied.*

WARNER, DAMOORGIAN and LEVINE, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

2